IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LIFESIZE, INC., | |
| Plaintiff, | |
| v. | C.A. No. 1:16-cv-01109 |
| BEAU CHIMENE, | JURY TRIAL DEMANDED |
| Defendant. | |

PLAINTIFF LIFESIZE, INC.'S MOTION FOR
JURISDICTIONAL AND EXPEDITED DISCOVERY

Plaintiff Lifesize, Inc. ("Lifesize") moves for an order permitting Lifesize to conduct jurisdictional and expedited discovery. Lifesize has filed its Response to Defendant Beau Chimene's Motion to Dismiss ("Response") and, together with this motion for jurisdictional and expedited discovery, is filing a Motion for Preliminary Injunction ("Preliminary Injunction Motion"). The discovery sought in this motion relates to both the Motion to Dismiss and Response and Lifesize's Preliminary Injunction Motion.

## I.  INTRODUCTION

Lifesize needs jurisdictional and expedited discovery to (i) fully develop evidence demonstrating that Chimene's arguments related to the ownership of Lifesize's trade secrets, which omit and mischaracterize important facts and details, are wrong, and (ii) determine the extent of Chimene's misappropriation of Lifesize's trade secrets and prevent the spoliation of any evidence. To date, Chimene has refused Lifesize's requests for discovery.

As more fully set forth in Lifesize's Complaint and its Preliminary Injunction Motion, this lawsuit arises out of Chimene's unlawful misappropriation of Lifesize's trade secrets. From 2004 until 2014, Chimene worked as an audio engineer at Lifesize, where he led the development of the audio components in Lifesize's second generation speakerphone. Dkt. No. 3 ("Complaint" or "Compl.") at ¶¶ 19, 24; *see also* Declaration of William Franco ("Franco Decl.") at ¶¶ 4, 8. Chimene resigned from Lifesize in 2014 and began working for Lifesize's direct competitor, Logitech, Inc. ("Logitech") in 2016, where he currently continues to work on the audio components of products that compete with those of Lifesize. Compl. at ¶¶ 30, 37; *see also* Franco Decl. at ¶¶ 13–14; *see also* Exs. M & X (Chimene's LinkedIn profile) ("Logitech is on the path to domination of the video conferencing industry."). After his resignation from Lifesize—and unbeknownst to Lifesize at the time—Chimene improperly retained a Lifesize-

issued laptop ("the Lifesize Laptop") and two engineering lab notebooks ("the Lifesize Lab Notebooks"), documenting and containing Lifesize's confidential and proprietary information accumulated during Chimene's employment at Lifesize, including information related to Lifesize's second generation speakerphone.  Compl. at ¶ 33; *see also* Declaration of Janice Le Ta at Exs. K, L[1]; Preliminary Injunction Motion at 6–8.  After learning that Chimene improperly retained those materials and affirmatively allowed Logitech access to them, Lifesize filed its Complaint against Chimene, alleging claims for misappropriation of trade secrets, breach of contract, conversion, and other related claims.

Two troubling developments now underscore the need for jurisdictional and expedited discovery in this lawsuit.  First, although Chimene eventually returned the Lifesize Laptop to Lifesize, he did so only after allowing Logitech to copy its contents and wipe it clean of his recent activity.  Compl. at ¶ 35; *see also* Exs. K, L.  Then, although Chimene initially assured Lifesize that he was not using any Lifesize confidential information or trade secrets at Logitech, (*see* Ex. J), Chimene changed his story and now says that Logitech—not Lifesize—owns those trade secrets and that he has no obligation to Lifesize to maintain their confidentiality.  In particular, in response to Lifesize's Complaint, Chimene filed a Motion to Dismiss (Dkt. 13) ("Chimene's Motion" or "MTD") arguing that (i) Lifesize does not own its intangible trade secrets or the tangible Lifesize Laptop and Lifesize Lab Notebooks, (ii) Lifesize does not have privity with Chimene, and (iii) Logitech is licensed to use Lifesize's trade secrets.  MTD at 1–2.

---

[1] For the Court's convenience, all references to Exhibits A–L and N–O are to the Exhibits attached to the Ta Declaration in Support of Plaintiff's Response to Chimene's Motion to Dismiss.  All references to Exhibits M and P–X are to the Exhibits attached to the Ta Declaration in Support of Plaintiff's Motion for Jurisdictional and Expedited Discovery.  All references to the Ta Declaration are hereinafter referred to simply as "Exhibit" or "Ex." without repeating the reference to the Declaration.

2

Taken altogether, this situation is far worse than Lifesize feared.  Unlike a typical trade secret case where the defendant denies access or use of the plaintiff's trade secrets, Logitech indisputably had—and continues to have—access to Lifesize's trade secrets through Chimene and the Lifesize Laptop and Lifesize Lab Notebooks and, more troublingly, Logitech also maintains that it owns those trade secrets and has permission to use them.  Chimene's arguments strongly suggest that, based on Logitech's claims of ownership and license, Logitech is using Lifesize's trade secrets—provided by Chimene—in its development of its competing speakerphone products.  And indeed, a preliminary review of files that survived Logitech's efforts to wipe the Lifesize Laptop suggests that Logitech hired Chimene to improve Logitech's videoconferencing equipment using Lifesize's trade secrets.  *See* Preliminary Injunction Motion at 8.  Accordingly, Lifesize now seeks jurisdictional and expedited discovery to fully develop evidence demonstrating that Chimene's ownership, license, and privity arguments are wrong, and to determine the full extent of Chimene's trade secret misappropriation and prevent any spoliation of evidence.

## II.   ARGUMENT

### A.   Lifesize Should Be Allowed to Conduct Jurisdictional Discovery

Lifesize requires jurisdictional discovery to fully develop evidence demonstrating that the limited evidence and arguments in Chimene's Motion related to ownership, license, and privity are factually incorrect.  In response to Lifesize's Complaint asserting claims for misappropriation of trade secrets, breach of contract, conversion and other related claims, Chimene filed a Rule 12(b)(1) motion to dismiss Lifesize's claims for lack of subject matter jurisdiction.  In that motion, Chimene argues, based on incomplete and mischaracterized evidence, that Lifesize lacks standing because Logitech—not Lifesize—owns the assets and trade secrets that Chimene

3

misappropriated from Lifesize. *See, e.g.*, MTD at 1–2. As fully explained in Lifesize's Response, Chimene's Motion should be denied, because the available evidence confirms that Lifesize owns its assets and trade secrets, Logitech is not licensed to use them, and Lifesize is in privity with Chimene. Should the Court determine, however, that it cannot conclude at this stage that Lifesize has standing, Lifesize should be allowed the opportunity to fully develop evidence that tests and rebuts the limited evidence that Chimene chose to include with his motion.

The Court has broad discretion to permit a party to conduct jurisdictional discovery. *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). "A court may grant jurisdictional discovery when the plaintiff makes a preliminary showing of jurisdiction." *Royal Ten Cate USA, Inc. v. TTAH Trust Co. Ltd.*, No. A-11-CA-1057, 2012 WL 2376282, at *2 (W.D. Tex. Jun. 22, 2012) (Austin, J.). Once a plaintiff "presents factual allegations that suggest with reasonable particularity the possible existence of [jurisdiction] . . . the plaintiff's right to conduct jurisdictional discovery should be sustained." *Next Techs., Inc. v. ThermoGenisis, LLC*, 121 F.Supp.3d 671, 676 (W.D. Tex. 2015) (Lane, J.) (quoting *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005)).

Lifesize has made more than a "preliminary showing of jurisdiction." *Royal Ten*, 2012 WL 2376282, at *2. As explained in Lifesize's Complaint and in its Response, Lifesize owns its trade secrets, Logitech is not licensed to use them, and Lifesize is in privity with Chimene, all conferring standing to Lifesize and jurisdiction to this Court. Those facts, summarized briefly here,[2] establish at the very least the "possible existence" of standing and jurisdiction warranting jurisdictional discovery. *Next Techs.*, 121 F. Supp. 3d at 676. In particular:

---

[2] For the convenience of the Court, Lifesize will not repeat the entirety of that evidence here, and instead incorporates by reference its responses to Chimene's arguments in its Response.

4

- Lifesize owns the intangible trade secrets and tangible Lifesize Laptop and Lifesize Lab Notebooks that Chimene has provided to Logitech. In 2015, when Logitech spun out Lifesize, Logitech Int'l, S.A. ("LISA"), LISA affirmatively transferred any trade secrets relating to Lifesize's second generation phone to Lifesize as part of an Intellectual Property Agreement ("2015 IPA"). Consequently, ownership of those trade secrets remains with Lifesize today.

- Lifesize is in privity with Chimene. In 2004, Chimene signed a KMV Proprietary Information and Inventions Agreement ("2004 KMV PIIA"). That agreement required Chimene to not disclose confidential information and expressly stated that it applied to successors and assigns. Lifesize Communications, Inc. was KMV's successor-in-interest. Because, as explained above, Logitech transferred any trade secrets to Lifesize's second generation phone to Lifesize in 2015, Lifesize is now the successor-in-interest to Chimene's obligations under the 2004 KMV PIIA.

- Logitech does not have a license to use Lifesize's trade secrets. After Logitech transferred any trade secrets relating to Lifesize's second generation phone to Lifesize in the 2015 IPA, Lifesize did not grant a license back to Logitech for those trade secrets. The only license back in the 2015 IPA expressly excludes intellectual property relating to Lifesize's products or business.

*See* Response at 3-8 (PF ¶¶ 1-15).

Nonetheless, Chimene urges the Court to conclusively determine that Lifesize does not own the trade secrets and other property underlying this dispute. In support of his arguments, Chimene chose to include two declarations (including one from Chimene himself and another from a Logitech employee) and eight other attachments, totaling more than 100 pages of evidence outside the pleadings. *See* MTD at Exs. 1–4. But Chimene's arguments rely on incomplete or mischaracterized evidence. In particular:

- Chimene's claim that the 2009 Logitech Employment Agreement ("2009 LEA") "supersedes" the 2004 KMV PIIA is false. The 2004 KMV PIIA explains that it applies to KMV's successors-in-interest, and the 2009 LEA nowhere states that it supersedes prior agreements. *See* Response at PF ¶¶ 9-11. In fact, the 2009 LEA reaffirms that Chimene could not disclose proprietary information belonging to prior employers. *Id*. at PF ¶ 11.

- Chimene's assertion that the Lifesize Laptop and Lifesize Lab Notebooks were not transferred to Lifesize, but were instead retained by Logitech is also false. Chimene's Motion fails to explain that the 2015 IPA between Lifesize and LISA gave LISA a license to only *certain* intellectual property and excluded from that license intellectual

5

property related to Lifesize's business and products, e.g., trade secrets related to its second generation speakerphone. *See* Response at PF ¶¶ 3–6.

In view of these issues, Lifesize should have the opportunity to develop its own evidence that tests and rebuts the evidence that Chimene chose—and Logitech volunteered—to put into the record in support of his arguments at this early stage of the case. In particular, Lifesize seeks a deposition of Chimene (Ex. W), a deposition of Logitech's Vice President and Corporate Controller, Abhisheck Maheshwari (Ex. S), a deposition of Logitech (Ex. P), and documents from Chimene (Ex. Q) and Logitech (Ex. R) related to the transactions bearing on Chimene's ownership, license, and privity arguments. Because this discovery will allow Lifesize a fair opportunity to more fully develop the evidentiary record for this Court to determine whether Lifesize has standing, Lifesize respectfully requests that the Court allow it to conduct jurisdictional discovery.

### B. Lifesize Should Be Allowed to Conduct Expedited Discovery

Lifesize also requires expedited discovery to determine the extent of Chimene's misappropriation of Lifesize's trade secrets and prevent the spoliation of any evidence. This discovery is necessary here in view of Chimene's shifting and steadily eroding story and his and Logitech's demonstrated willingness to destroy evidence in anticipation of this lawsuit.

Before Lifesize filed this lawsuit, Chimene assured Lifesize in April 2016 that he had not retained and would not disclose any Lifesize confidential information. Compl. at ¶ 32; *see also* Ex. J. The following month, Chimene admitted, contrary to his earlier assurances, that he had improperly retained tangible Lifesize confidential information, specifically the Lifesize Laptop and the Lifesize Lab Notebooks. Compl. at ¶ 33; *see also* Ex. K. Although Chimene eventually returned those materials, he did so only after allowing Logitech to copy the Lifesize Laptop and then wipe it clean of his recent activities. Compl. at ¶ 35; *see also* Exs. K, L. Now, in response

6

to Lifesize's lawsuit, Chimene has once again changed his story. Chimene now argues that (i) Logitech owns the trade secrets acquired in his decade at Lifesize, (ii) Logitech is licensed to use those trade secrets, and (iii) he does not owe any confidentiality obligation to Lifesize. MTD at 1–2. If Chimene and Logitech actually believe those arguments, they likewise believe that they have every right to use Lifesize's trade secret audio technology, which they indisputably have access to through both Chimene himself and the copied Lifesize Laptop, to develop competing conferencing products.

In view of Chimene's new position, Lifesize also seeks a preliminary injunction. Alongside that injunction, Lifesize requests expedited discovery to determine the extent of Chimene's misappropriation of Lifesize's trade secrets. And, because Chimene allowed Logitech to wipe the Lifesize Laptop, precluding any analysis of his recent activities, Lifesize also requests this expedited discovery to prevent any (further) spoliation of the evidence.

A district court has broad discretion to order expedited discovery upon a showing of good cause. FED. R. CIV. P. 26(d)(1); *Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013). Good cause exists, generally, "where the need for expedited discovery in consideration of the administration of justice, outweighs the prejudice to the responding party." *St. Louis Grp, Inc. v. Metals and Additives Corp., Inc.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011). The Fifth Circuit provides five factors for determining whether "good cause" exists: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *OrthoAccel Techs., Inc. v. Propel Orthodontics, LLC*, No. 4:16-cv-350, 2016 WL 3747222, at *3 (E.D. Tex. July 13, 2016).

**Regarding the first factor**, a pending application for preliminary injunction weighs in favor of expedited discovery.  *OrthoAccel*, 2016 WL 3747222, at *4.  Here, in view of Chimene's ownership and related arguments, Lifesize seeks a preliminary injunction to prevent any irreparable harm to Lifesize, and consequently, this factor weighs in favor of expedited discovery.  *Id.*

**Regarding the second factor**—the breadth of the discovery request—Lifesize's discovery requests are narrowly tailored to the issues relating to Lifesize's application for preliminary injunction, in particular, his work on behalf of Logitech since his resignation from Lifesize in October 2014.  Lifesize is requests: a deposition of Chimene (Ex. W); eight requests for documents, including a copy of Lifesize Laptop, any other documents Chimene retained incorporating Lifesize's trade secrets, and documents reflecting Chimene's agreements with and work done for Logitech (Ex. U); five interrogatories related to documents retained, use of Laptop and Notebooks, contentions, and work with Logitech (Ex. T); and five requests for admission related to Chimene's use and retention of the Lifesize Laptop and Lifesize Notebooks (Ex. V).

This scope of discovery is routine in trade secret cases.  For example, Courts often allow discovery involving inspection of computers to identify any misappropriated trade secrets.  *See e.g.*, *M-I LLC, v. Stelly*, No. CV H-09-1552, 2011 WL 12896025, at *1–3 (S.D. Tex. Nov. 21, 2012 ("Plaintiff is entitled to discovery in order to determine whether any of its confidential information or trade secrets were uploaded to Defendant WES's computers."); *Ameriwood Indus., Inc. v. Liberman*, No. 4:06-cv-524–DJS, 2006 WL 3825291, at *4 (E.D. Mo. Dec. 27, 2006) ("Particularly, allegations that a defendant downloaded trade secrets onto a computer provide a sufficient nexus between plaintiff's claims and the need to obtain a mirror image of the computer's hard drive."); *Charles Schwab & Co. v. Newton*, No. 3:16-CV-00236, 2016 WL

8

1752767, at *1 (M.D. La. May 2, 2016) (ordering defendant "make any and all such data, devices and media available for inspection, imaging and duplication by Plaintiff's counsel and/or Plaintiff's computer forensic consultants").

**Regarding the third factor**—the purpose for requesting the expedited discovery—Lifesize is seeking expedited discovery to (i) determine the extent of Chimene's trade secret misappropriation and (ii) prevent further tampering and deletion of evidence in the possession and control of Chimene and Logitech.

Courts have frequently held that expedited discovery is appropriate for these purposes. For example, courts have noted that expedited discovery is appropriate for the purpose of discovering misuse of confidential or proprietary information. *Asahi Glass Co., Ltd. v. Toledo Eng'g Co., Inc.*, 262 F. Supp. 2d 845, 848 (N.D. Ohio 2003), *vacated in part* (granting expedited discovery for allegedly misappropriated trade secrets); *Advanced Portfolio Techs., Inc. v. Advanced Portfolio Techs. Ltd.*, No. 94-cv-5620, 1994 WL 719696, at *4 (S.D.N.Y. Dec. 28, 1994) (plaintiff's "contention that [defendant] has misused confidential or proprietary information does sufficiently support the requested expedited discovery"); *Barette Outdoor Living, Inc. v. Does*, No. 1:16-cv-914, 2016 WL 1588672, at *2 (N.D. Ohio April 20, 2016) ("[A] claim for misappropriation of trade secrets [is] the type of claim that generally supports a finding of good cause for expedited discovery"). Likewise, preventing spoliation also establishes good cause for expedited discovery. *See, e.g., Koch Materials Co. v. Shore Slurry Seal, Inc.*, 208 F.R.D. 109, 112 (D.N.J. 2002) (granting expedited discovery after "plaintiff represented that it feared the destruction of documents important to the litigation"); *see also Delphine Software Int'l, S.A.R.L. v. Electronic Arts, Inc.*, No. 99 Civ. 4454 AGAS, 1999 WL 627413, at *3 (S.D.N.Y. Aug. 18, 1999) (granting expedited discovery where there are "legitimate concerns"

about possible destruction of documents); *Tracfone Wireless v. King Trading, Inc.*, No. 3-08-CV-0398-B, 2008 WL 918243, at *1 (N.D. Tex. Mar. 13, 2008) (expedited discovery appropriate because "there [was] a legitimate concern for the continuing existence and maintenance of the integrity of the evidence in question absent an order preserving the evidence").

**Regarding the fourth factor**—the burden on the defendants to comply with the requests—the burden on Chimene to comply with Lifesize's proposed discovery requests is reasonable. As explained above, the requests are narrowly tailored. Also, because there are legitimate concerns about evidence spoliation, and the facts necessary to determine the extent of Chimene's misappropriation are exclusively within Chimene and Logitech's possession these circumstances tip the fourth factor in favor of Lifesize. *OrthoAccel Techs.*, 2016 WL 3747222, at *5 (noting that an absence of these circumstances made the fourth factor of the "good cause" analysis neutral).

**Regarding the fifth and final factor**—how far in advance of the typical discovery process the request was made—Lifesize's request for expedited discovery is made before the parties Rule 26(f) conference, when discovery typically begins. As noted above, however, courts have generally allowed expedited discovery under similar facts, particularly in cases involving misappropriation of trade secrets and the potential for spoliation. Furthermore, the expedited timing of this discovery request is not of Lifesize's choosing, but rather necessitated by Chimene's conduct and arguments. The Court should not, in effect, hold *Chimene's* acts against *Lifesize* in evaluating this factor.

### III.   CONCLUSION

For the foregoing reasons, Lifesize respectfully requests that this Court grant this Motion for Jurisdictional and Expedited Discovery and order Chimene and Logitech to provide the ordered discovery within thirty (30) days.

| | |
|---|---|
| Dated:  November 10, 2016 | Respectfully submitted, |

*/s/ M. Craig Tyler*
M. Craig Tyler
State Bar No. 00794762
ctyler@velaw.com
Stephen Stout
State Bar No. 24060672
sstout@velaw.com
Janice Ta
State Bar No. 24075138
jta@velaw.com
**VINSON & ELKINS L.L.P.**
2801 Via Fortuna, Suite 100
Austin, Texas 78746-7568
(512) 542-8440 Telephone
(512) 542-8612 Facsimile

Sean M. Hill
State Bar No. 24087725
shill@velaw.com
**VINSON & ELKINS L.L.P.**
1001 Fannin Street, Suite 2500
Houston, TX 77002-6760
(713) 758-2222 Telephone
(713) 758-2346 Facsimile

Kevin P.B. Johnson (*Pro Hac Vice*)
California Bar No. 177129
kevinjohnson@quinnemanuel.com
Suong Nguyen (*Pro Hac Vice*)
California Bar No. 237557
suongnguyen@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN**
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California 94065-2139
(650) 801-5000 Telephone
(650) 801-5100 Facsimile

11

>John McKee (*Pro Hac Vice*)
>New York Bar No. 4906566
>johnmckee@quinnemanuel.com
>**QUINN EMANUEL URQUHART & SULLIVAN**
>51 Madison Avenue, 22nd Floor
>New York, New York 10028
>(212) 849-7000 Telephone
>(212) 849-7100 Facsimile
>
>*Counsel for Plaintiff Lifesize, Inc.*

## CERTIFICATE OF CONFERENCE

Counsel for Lifesize conferred with counsel for Chimene regarding the relief requested by this motion on November 10, 2016. Counsel for Chimene state that they are opposed to the relief requested herein.

*/s/ M. Craig Tyler*
M. Craig Tyler

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November, 2016, the foregoing document was filed with the Clerk of the Court using the CM/ECF system and that all counsel of record was served via the system.

*/s/ M. Craig Tyler*
M. Craig Tyler